**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

LUIS MURRILLO,

**Plaintiff,**

v. Civil Action No. 4:25-cv-04460

NAVY FEDERAL CREDIT UNION,

**Defendant.**

**DECLARATION OF LUIS MURRILLO IN SUPPORT OF PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND REQUEST FOR RELIEF UNDER FED. R. CIV. P. 56(d)**

I, Luis Murrillo, declare as follows:

1. I am the Plaintiff in this action. I make this declaration based upon my personal knowledge and my participation in discovery in this case.
2. This lawsuit concerns credit information furnished by Navy Federal Credit Union that I disputed as inaccurate, duplicative, and materially misleading.
3. I disputed Navy Federal's reporting through consumer reporting agencies on multiple occasions.
4. My disputes included allegations that Navy Federal's reporting contained duplicate and inaccurate information.
5. During discovery in this action, I served written discovery upon Navy Federal seeking information and documents concerning Navy Federal's receipt, handling, investigation, verification, and reporting of the disputed information.
6. Navy Federal subsequently produced a substantial number of documents bearing Bates numbers beginning with NFCU_000001 and continuing through approximately NFCU_000854.
7. I reviewed Navy Federal's production in an effort to determine what Navy Federal actually did to investigate the specific duplicate-reporting allegations underlying this lawsuit.

8. The production contained historical account records, statements, ACDV materials, account information, and other documents.

9. Navy Federal's produced ACDV records confirm that Navy Federal received dispute information expressly stating that its reporting was alleged to be duplicate and to contain inaccurate information.

10. After reviewing the production, I was unable to identify documents that clearly demonstrated the substantive investigation Navy Federal performed concerning the duplicate-tradeline allegation.

11. Specifically, I was unable to identify documents clearly showing:

a. what steps Navy Federal took to determine whether the disputed tradelines constituted duplicate reporting;

b. how Navy Federal reconciled the different account identifiers challenged in my disputes;

c. why one disputed tradeline was deleted or removed from reporting;

d. what investigation Navy Federal performed concerning the remaining disputed tradeline;

e. why Navy Federal determined the remaining reporting was accurate;

f. the specific records reviewed in reaching those determinations; and

g. internal investigation notes, memoranda, worksheets, reports, or communications explaining those determinations.

12. Because I could not locate that information, I contacted counsel for Navy Federal in an effort to resolve the discovery issue without immediately seeking court intervention.

13. In my written correspondence, I specifically identified the categories of investigation information that I could not locate in Navy Federal's production.

14. I requested that Navy Federal identify by Bates number the documents demonstrating its investigation of the duplicate-reporting allegations.

15. I also requested that Navy Federal supplement its production if responsive documents had not been produced.

16. I further requested that, if no additional responsive documents existed, Navy Federal confirm that its prior production constituted the complete investigative file responsive to my requests.

17. I made these requests because Navy Federal's actual investigation of the duplicate-reporting allegation is a central issue in my claims under 15 U.S.C. § 1681s-2(b).

18. I attempted in good faith to obtain this information through discovery and to resolve the issue directly with defense counsel.

19. On September 8, 2026, I followed up regarding my discovery correspondence and whether Navy Federal had received it.

20. Navy Federal filed its Motion for Summary Judgment on September 8, 2026.

21. Navy Federal's Motion now relies upon statements concerning the information Navy Federal allegedly reviewed and the investigation it allegedly performed.

22. The Motion also relies upon an explanation concerning the "50000" information appearing in my Experian credit information and attributes its appearance to Experian's alleged failure to merge certain tradeline information.

23. Documents showing the factual basis for that explanation and the investigation that produced that conclusion are material to my ability to fully respond to Navy Federal's Motion.

24. I am not requesting additional discovery merely to delay disposition of Navy Federal's Motion.

25. I seek targeted evidence concerning Navy Federal's actual investigation of the specific duplicate-reporting allegations communicated to it.

26. This evidence is material because Navy Federal asks the Court to conclude as a matter of law that its investigation was reasonable, while I contend that the available discovery does not establish how Navy Federal substantively investigated the duplicate-reporting allegation.

27. If Navy Federal possesses additional records showing what information it reviewed, what investigative steps it performed, why one disputed tradeline was removed, why another was verified, or how it reached the conclusions now contained in its summary-judgment evidence, I need those materials to fully present the facts necessary to oppose summary judgment.

28. I respectfully request that the Court deny Navy Federal's Motion for Summary Judgment based upon the genuine disputes reflected in the existing record.

29. Alternatively, if the Court concludes that additional evidence is necessary to resolve Navy Federal's Motion, I respectfully request that the Court defer consideration of the Motion and permit limited discovery concerning the specific investigative evidence described above pursuant to Federal Rule of Civil Procedure 56(d).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 09/17, 2026, in Spring, Texas.

Luis Murrillo

Plaintiff, Pro Se