**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **LUIS MURRILLO,** | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **vs.** | § | **Civil Action No. 4:25-cv-4460** |
| | § | |
| **NAVY FEDERAL CREDIT UNION,** | § | |
| | § | |
| ***Defendant.*** | § | |
| | § | |

**DEFENDANT NAVY FEDERAL CREDIT UNION'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Defendant, Navy Federal Credit Union **("**Navy Federal**")**, by and through undersigned counsel and pursuant to Southern District of Texas Local Rule 7.4, hereby replies to Plaintiff Luis Murrillo's ("Plaintiff") Response in Opposition to Navy Federal's Motion for Summary Judgment ("Response") and states as follows:

## I. INTRODUCTION

Plaintiff's Response confirms that summary judgment should be entered in Navy Federal's favor. Navy Federal supported its Motion for Summary Judgment ("Motion") with sworn testimony and business records establishing that it investigated Plaintiff's disputes, followed its established dispute resolution procedures, and reported the results of its investigations to consumer reporting agencies ("CRAs"). [ECF No. 32]. Plaintiff offers no evidence to rebut any of those facts.

Unable to identify a genuine dispute of material fact, Plaintiff continues to rely on the same speculative and unsupported allegations advanced in his Complaint, despite a record that squarely disproves them. Now, Plaintiff's "duplicate reporting" theory rests entirely on a statement he drafted and included in his Automated Consumer Dispute Verification ("ACDV") submission. The undisputed

evidence establishes that Navy Federal conducted a reasonable investigation of Plaintiff's disputes, corrected any inaccuracies, and communicated its investigations results to the CRAs.

Recognizing that the record forecloses his claim, Plaintiff alternatively seeks relief under Rule 56(d) to pursue discovery he never properly sought during the discovery period. Yet Plaintiff failed to submit an affidavit or declaration, identify specific evidence likely to create a genuine issue for trial, or explain how additional discovery would overcome Navy Federal's entitlement to summary judgment. Accordingly, this Court should grant Navy Federal's Motion and deny Plaintiff's dilatory request for relief under Rule 56(d)

## II. ARGUMENT

### A. No Genuine Dispute of Material Fact Exists, and Navy Federal is Entitled to Judgment as a Matter of Law.

The record is replete with evidence demonstrating that Navy Federal did exactly what the Fair Credit Reporting Act ("FCRA") requires when a furnisher receives a consumer dispute: it investigated Plaintiff's disputes, confirmed the accuracy of its reporting, and notified the CRAs of its investigation results. *See Bacharach v. SunTrust Mortgage, Inc.*, No. 14-962, 2015 WL 1897653, at *3 (E.D. La. Apr. 27, 2015). Once confronted with that evidence, Plaintiff was required to identify specific evidence in the record and articulate the precise manner how that evidence supports the essential elements of his FCRA claim. *See Robinson v. EMC Mortg. Corp.*, No. 3:10-CV-2140-L, 2013 WL 1245863, at *4 (N.D. Tex. Mar. 26, 2013). He did not. As a result, summary judgment must be granted in Navy Federal's favor because of Plaintiff's failure to make a showing of evidence on any essential element of his claim of which he bears the burden of proof. *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

The Response further underscores the absence of a genuine dispute of material fact. Plaintiff's dispute is not "genuine" because the record would not permit a reasonable jury to return a verdict for

him. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006). The Response—woefully deficient in fact and law—only asserts that "genuine disputes" exist. [ECF No. 38, p. 1, 11]. Plaintiff's theory appears to be that Navy Federal's investigation was inadequate because it verified its reporting rather than deleting it. *Id.* at 4, 7. That contention is unsupported by any evidence and misunderstands Navy Federal's obligations as a furnisher under FCRA.

Notably absent from the Response are any affidavits, declarations, testimony, or other materials providing evidentiary support for Plaintiff's claims. *See e.g., Int'l Shortstop, Inc. v. Rally's Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991). Instead, the sole "evidence" offered in support of his duplicate reporting theory is a self-authored notation included in his ACDV submission. [ECF No. 38, p. 3-4]. That notation proves only that Plaintiff made the accusation. It does not make the accusation true, demonstrate that Navy Federal reported inaccurate information, or failed to correct an inaccuracy.

The undisputed record refutes Plaintiff's theory. The disputed tradelines carry distinct account identifiers. [ECF No. 32, Ex. A ¶ 20]. Navy Federal did not report the same account twice and did not overstate Plaintiff's obligations. *Id.* The "50000" prefix reflects a charge-off on the account ending in 7659, not a separate debt, arising from Experian's failure to merge tradeline information. *Id.* Accordingly, Plaintiff's self-authored characterization of "duplicate" reporting cannot satisfy the threshold element of inaccuracy because information is actionable under FCRA only if it is patently incorrect or materially misleading. *See Sepulvado v. CSC Credit Servs., Inc.*, 158 F.3d 890, 895 (5th Cir. 1998); *see also Spencer v. Specialized Loan Servicing, LLC*, No. 3:19-CV-1536-S, 2021 WL 4552548, *6-7 (N.D. Tex. Sept. 1, 2021).

Plaintiff's dissatisfaction with the outcome of Navy Federal's investigation and inability to understand Navy Federal's records likewise does not create a triable issue. Navy Federal's affidavit

and business records establish that it investigated each dispute, reviewed all records, followed its established dispute investigation procedures, and communicated the results of its investigations to CRAs. [ECF No. 32]. That evidence remains unrebutted and warrants the entry of summary judgment in Navy Federal's favor. Indeed, Plaintiff concedes that allegations alone cannot defeat summary judgment. Yet allegations are all he continues to offer. The record therefore remains devoid of evidence establishing a violation of 15 U.S.C. § 1681s-2(b), and summary judgment should be entered in Navy Federal's favor.

**B. Plaintiff's Request for Relief Under Rule 56(d) Should Be Denied.**

Plaintiff's Rule 56(d) request fails procedurally and substantively. Rule 56(d) permits relief only where the nonmovant demonstrates, through an affidavit or declaration, why he cannot present facts essential to oppose summary judgment. *Mendez v. Poitevent*, 823 F.3d 326, 336-37 (5th Cir. 2016). To obtain that relief, Plaintiff must set forth a plausible basis for believing that discoverable facts or evidence exist and show how they would influence the outcome of this case. *Id. (citing Am. Fam. Life Assur. Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013)). Plaintiff has made no such showing. Although the absence of an affidavit is not fatal, Plaintiff's Response still fails to identify any specific evidence he expects additional discover to uncover or demonstrate how it would create a genuine dispute of material fact. Plaintiff's reliance on generalized assertions that further discovery may support his claims are insufficient under Rule 56(d).

The principal and sole authority relied on by Plaintiff further undermines his position. *See Int'l Shortstop Inc.*, 939 F.2d at 1267. There, the court recognized that the preferred method of seeking additional time for discovery is through an affidavit. *Id.* Alternatively, Plaintiff may otherwise state his need for additional discovery. *Id.* But even then, Plaintiff must explain how the requested discovery is

reasonably expected to create a genuine issue of material fact sufficient to defeat summary judgment. *Id.* That omission is both fatal and dispositive.

Plaintiff's request is also dilatory. *See id.* Rule 56(d) is not a mechanism for reopening discovery after a party failed to pursue available discovery during the discovery period. Plaintiff never moved to compel any discovery or complied with this Court's Procedures to challenge Navy Federal's discovery responses. Discovery has now closed, trial is set for December 14, 2026, and no discovery requests are outstanding. Under these circumstances, Plaintiff cannot demonstrate his diligence, establish good cause to modify the Scheduling Order, or entitlement to Rule 56(d) relief. Accordingly, Plaintiff's request for relief under Rule 56(d) should be denied.

## III. CONCLUSION

For the foregoing reasons, Navy Federal respectfully requests that this Court enter an Order: (i) denying Plaintiff's request for relief under Federal Rule of Civil Procedure 56(d); (ii) granting summary judgment in Navy Federal's favor on all claims; (iii) dismissing Counts I and II and enter judgment that Plaintiff take nothing by way of his claims against Navy Federal; and (iv) awarding any further relief to which Navy Federal is entitled that this Court deems just and proper.

Date: September 23, 2026

Respectfully submitted,

/s/ *Asha M. Wedemier-Allan*
Michael B. Hess
Texas Bar No. 24095710
michael.hess@akerman.com
Asha M. Wedemier-Allan (Admitted Pro Hac Vice)
Florida Bar No. 1059076
asha.wedemier-allan@akerman.com
**Akerman LLP**
2001 Ross Avenue, Suite 3600
Dallas, Texas 75201
Telephone: 214.720.4300
Facsimile: 214.981.9339

**ATTORNEYS FOR DEFENDANT**
**NAVY FEDERAL CREDIT UNION**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 23, 2026, a true and correct copy of the foregoing document was filed with the Clerk of the Court and served on all parties via the Court's ECF E-Filing System, and via U.S. Mail and email to:

**Luis Murrillo**
20525 Holzwarth Road, Apt. 3304
Spring, Texas 77388
Murrillo.luis@yahoo.com
*Pro se Plaintiff*

/s/ *Asha M. Wedemier-Allan*
Asha M. Wedemier-Allan